IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**PHILIP MURPH,**

    Petitioner,

v.                                                                                                  Civil Action No. **3:20CV474**

**JUSTIN ANDREWS,**

    Respondent.

**MEMORANDUM OPINION**

Philip Murph, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 Petition. ("§ 2241 Petition," ECF No. 1.)[1] The Government has filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 4) and Murph has filed a response, titled "Reply Brief." ("Response," ECF No. 9.)[2] For the reasons set forth below, the Motion to Dismiss will be GRANTED and the § 2241 Petition will be DENIED because Murph has already received the relief he requested in his petition.

---

[1]     The statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless--
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C.A. § 2241(c)(1)–(3).

[2]     The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization, punctuation, and spelling in quotations from Murph's submissions.

## I. Standard of Review

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 n.3 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

## II. Procedural History

Murph is currently detained in the Federal Correctional Complex in Petersburg, Virginia. Murph is serving two concurrent 20-year sentences imposed by the United States District Court for the Eastern District of New York for his convictions of attempt to distribute and possess with intent to distribute 200 grams of cocaine, and conspiracy to distribute and possess with intent to distribute at least 500 grams of cocaine. (*See* ECF No. 5–1, at 4, 5; ECF No. 5, at 4.)[3] Murph is projected to be released on May 16, 2025 based on the current calculation of Good Conduct Time ("GCT"). (ECF No. 5–1, at 4, 5.)

## III. Analysis of Murph's 28 U.S.C. § 2241 Petition

### A. Murph's Claim

In his § 2241 Petition, Murph contends that, "[t]he Bureau of Prisons improperly relied on a [Presentence Report] section that my sentencing judge said he was disregarding in determining that I have a serious history of violence." (ECF No. 1, at 6.) Murph further explains that, "the Bureau of Prisons incorrectly determined that [he] has a history of severe violent conduct" and that "[t]his determination deprives [him] the opportunity to earn additional good time credits and other privileges including more desirable housing under the First Step Act of 2018." (ECF No. 1–1, at 1.) As discussed below, the Bureau of Prisons has found that Murph is indeed eligible to earn extra Good Conduct Time under the First Step Act. Therefore, his claim is moot, but also lacks merit.

### B. The First Step Act

The First Step Act ("the FSA") was enacted on December 21, 2018. *See* Pub. L. No. 115–391, 132 Stat. 5194. Section 102(b) of the FSA provides that federal inmates can earn Good

---

[3] Murph was also convicted in 1995 in the United States District Court for the Eastern District of North Carolina for conspiracy to distribute cocaine base, but he has clearly finished serving that sentence. (*See* ECF No. 5–1, at 7.)

Conduct Credits in addition to those specified previously in 18 U.S.C. § 3624(b). Specifically, inmates may earn, "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" and those inmates who are "at a minimum or low risk for recidivating, who . . . [have] not increased their risk of recidivism, shall earn an additional 5 days of time credits" for completion of that programming. 18 U.S.C. § 3632(d)(4)(A). Those inmates who have committed certain crimes listed in § 3632(d)(4)(D) are ineligible for the additional credits.

However, the FSA and its programs did not go into effect immediately upon enactment. Rather, the law provided the Attorney General with 210 days after the FSA was enacted on December 21, 2018, to "develop and release publicly . . . a risk and needs assessment system" for the Bureau of Prisons to use to implement the programs. 18 U.S.C. § 3632(a). The Risks and Assessment system was published on July 19, 2019, and the Bureau of Prisons then had 180 days, or until January 15, 2020, to implement the system, complete inmate assessments, and begin to assign prisoners to the "evidence-based recidivism reduction programs." 18 U.S.C. § 3621(h); *see Knight v. Bell*, No. JKB–20–3108, 2021 WL 1753791, at *3 (D. Md. May 4, 2021). Therefore, any claim under the FSA would not accrue until after January 15, 2020.

### C. Murph's Claim is Moot

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening

4

factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[ is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Murph filed his § 2241 Petition on June 23, 2020. At that time, Murph had been deemed by the Bureau of Prisons to be ineligible for relief under the FSA. (*See* ECF No. 5–1, at 2 (citation omitted).) Accordingly, in his § 2241 Petition, Murph requested that the BOP reconsider his eligibility to earn more Good Conduct Time under the FSA. After the filing of his § 2241 Petition, the Bureau of Prisons reviewed Murph's case again in accordance with the FSA, and on June 29, 2020, determined that "his current convictions are not ones that would make him ineligible for the [Good Conduct Time] credits," and that "the BOP has determined that he is thus eligible to receive the time credits, should he successfully complete the necessary [recidivism reduction] programming activities." (*Id.* (citation omitted).) Thus, Murph is now eligible to earn the additional Good Conduct Time credits under the FSA after he completes certain programs. Therefore, the calculation Murph sought in his § 2241 Petition has occurred, and Murph's requested relief is now moot.[4] Accordingly, the Motion to Dismiss (ECF No. 4) will be GRANTED, and the § 2241 Petition (ECF No. 1) will be DENIED.

### D. Motion to Amend

After Respondent filed his Motion to Dismiss, Murph filed a Motion for Permission to Amend 28 U.S.C. § 2241 Petition. ("Motion to Amend," ECF No. 18.) Rule 15(a) of the Federal

---

[4] To the extent Murph challenges his security classification, privileges, or housing arrangements, such challenges are not cognizable in a § 2241 petition. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)).

Rules of Civil Procedure provides that after a responsive pleading is served, a party seeking to amend the original pleading must seek either written consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). "[L]eave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). As explained below, the Motion to Amend will be denied because of the futility of the new claim.

> Murph contends that he
>
> put in a request to staff in September 2020, requesting an opportunity to participate in the educational classes that was being offered to earn (F.CT). [Murph] was told he would be place[d] on the list now that he's eligible. Then some time in November 2020, [Murph] was told by the education department, that no more classes would be offered to inmates locked down in the housing units due to concerns of inmates having other inmates doing their work for them.
>
> [Murph] argue[s] the fact that he should have been eligible to receive "First Step Act" time credit since 2018, when Congress enacted the First Step Act into law. . . .
>
> [Murph] asks this Court to order Respondent/B.O.P. to allot him time credit . . . from January 19, 2019 through the ending date of this 28 U.S.C. § 2241 proceeding . . . .

(ECF No. 18, at 2–3.)[5]

As a preliminary matter, Murph is not entitled to receive Good Conduct Time beginning in 2018 when the FSA was enacted, or beginning on January 19, 2019, as he suggests, because the FSA was not implemented until January 15, 2020. *See* 18 U.S.C. § 3621(h). Moreover, Murph

---

5  Murph also contends that his prison job should be included under the definition or "productive activities." (ECF No. 18, at 3; *see* ECF No. 21, at 2–3.) The FSA delegates authority to the Attorney General and the Bureau of Prisons, not the Court, to determine what qualifies as "productive activities." *See* 18 U.S.C §§ 3633, 3635(5).

6

has not completed the requisite "evidence-based recidivism reduction programs and productive activities;" thus, he remains ineligible for the higher amount of Good Conduct Time.[6]

To the extent that Murph faults the Bureau of Prisons for delaying his enrollment in these programs after he was found eligible to earn the additional credits, he shows no entitlement to enrollment in these programs at this time. Rather, the plain text of the statute clearly states that the Bureau of Prisons is entitled to a "Phase-in" period. The statute provides as follows:

> **(2) Phase-in.**--In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk as necessary to effectively implement the System, the Bureau of Prisons shall—
>
>> **(A)** provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and
>> **(B)** develop and validate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.
>
> **(3) Priority during phase-in**.--During the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date.

18 U.S.C. § 3621(h)(2). Murph was found eligible for the increased Good Conduct Time on June 29, 2020. Therefore, the Bureau of Prisons has two years from that date to provide him with "evidence-based recidivism reduction programs and productive activities," with the priority for

---

[6] Respondent argues that this claim is not ripe because Murph has not completed the programs required by the FSA. (ECF No. 19, at 3.) Ripeness is a doctrine used to evaluate whether an actual case or controversy exists, because a court cannot decide a claim that is not ripe for its review. *See Ohio Forestry Ass'n Inc. v. Sierra Club*, 523 U.S. 726, 732–34 (1998). The Supreme Court has recognized that "[t]he burden of proving ripeness falls on the party bringing suit." *S.C. Citizens for Life, Inc.*, 301 F. App'x at 220 (alteration in original) (quoting *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)). Although any claim seeking a greater amount of Good Conduct Time is not ripe because Murph has not completed the required classes, Murph additionally claims that the Bureau of Prisons has prevented him from enrolling in the programs required by the FSA. The Court addresses that argument below.

such programs going to those who will be released before him. *Id.* Thus, the Bureau of Prisons is not obligated to provide Murph with these programs and activities at this time. *See Saleh v. Young*, No. 5:19–CV–00468, 2021 WL 1758711, at *1 (S.D. W.Va. May 4, 2021) (citations omitted) (explaining that the FSA provides the Bureau of Prisons until January 15, 2022 to "provide evidence-based recidivism reduction programs and productive activities for all prisoners"), *adopting R & R*, 2021 WL 1774140 (S.D. W.Va. Feb. 10, 2011). Murph's claim lacks merit and is premature. Therefore, permitting amendment would be futile.

Accordingly, the Motion to Amend (ECF No. 18) will be DENIED as futile.

Murph also filed a Motion Asking the Court to Take Judicial Notice. The Motion (ECF No. 21) will be GRANTED to the extent that the Court has reviewed the attached document.[7]

### IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (ECF No. 4) will be GRANTED. Murph's § 2241 Petition (ECF No. 1) will be DENIED. The Motion to Amend (ECF No. 18) will be DENIED. The Motion Asking the Court to Take Judicial Notice (ECF No. 21) will be GRANTED to the extent that the Court has reviewed the attached document. The action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

Elizabeth W. Hanes
United States Magistrate Judge

Date: August 12, 2021
Richmond, Virginia

---

[7] In his Reply to the Opposition to his Motion to Amend, Murph suggests that classes that he took in 2019 should count toward the FSA's requirements. (ECF No. 20, at 2–3.) However, the statute specifically provides that an inmate may not earn credits for any evidence-based recidivism programs completed before the enactment of the FSA. *See* 18 U.S.C. § 3632(d)(4)(B)(i). Therefore, Murph's contention lacks merit.